IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANTRON T. SMITH,<br><br>      Plaintiff,<br><br>   v.<br><br>WARDEN ODOM, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 5:23-cv-20 |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1] I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.[2]

---

[1] The Clerk of Court sent Plaintiff a notice informing him of the availability of a Magistrate Judge to preside over his cause of action, and Plaintiff consented to the undersigned's plenary review. Docs. 4, 6, 7.

[2] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). Plaintiff has the opportunity to respond to this Order.

**PLAINTIFF'S CLAIMS**[3]

Plaintiff, an inmate proceeding pro se, brings a 42 U.S.C. § 1983 suit against Defendants, who are officials at Ware State Prison in Waycross, Georgia. Doc. 1. Plaintiff asserts supervisory Defendants, including Defendant Odom, failed to train and supervise employees and failed to maintain order in Ware State Prison. Doc. 1 at 14. Plaintiff also asserts Defendant Walker was negligent by leaving his post and by responding unreasonably when a riot and a later murder occurred. Id. Plaintiff maintains he is suffering due to mental health concerns. Id. at 14–15. Plaintiff appears to seek monetary relief. Id. at 6.

**DISCUSSION**

**I.     Dismissal for Abuse of Judicial Process**

The Complaint form directly asks Plaintiff whether he has "filed other lawsuits in state or federal court otherwise relating to the conditions of your confinement." Doc. 1 at 10. Plaintiff responded "No" and did not answer any of the questions which follow. Id. at 10. However, Plaintiff's litigation history reveals he filed at least one other cause of action concerning conditions of his confinement prior to executing this Complaint on March 13, 2023: Smith v. U.S. District Court, Case No. 5:22-cv-9 (S.D. Ga. Feb. 7, 2022), ECF No. 1. Plaintiff did not disclose this prior litigation history. Plaintiff's prior case was closed in July 2022, and he filed a notice of appeal with the Eleventh Circuit Court of Appeals, which was dismissed based on his failure to prosecute. Id. at ECF Nos. 14, 15, 16, 21, 22.

Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune

---

[3] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Plaintiff filed a Complaint and had ample opportunity to explain his prior litigation history but failed to do so. Doc. 1. Even if he were to later provide an explanation for his lack of candor, the undersigned is free to reject the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not

having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation . . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1. In addition, Plaintiff declared "under penalty of perjury" the contents of his Complaint were "true and correct." Id. at 6. Consequently, the Court **DISMISSES** this action, **without prejudice**, for Plaintiff's failure to truthfully disclose his litigation history, as required.

II.     **Leave to Appeal** *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has

4

not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court

**DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

**SO ORDERED**, this 13th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA